UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE G. PADILLA, | ) Case No. CV 12-1197 JC |
| Plaintiff, | ) |
| | ) MEMORANDUM OPINION AND |
| v. | ) ORDER OF REMAND |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social | ) |
| Security, | ) |
| Defendant. | ) |

## I.   SUMMARY

On February 17, 2012, plaintiff George G. Padilla ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; February 23, 2012 Case Management Order ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On December 8, 2007, plaintiff filed an application for Disability Insurance Benefits. (Administrative Record ("AR") 21, 142). Plaintiff asserted that he became disabled on July 31, 2007, due to cervical disc disease, pain in both feet, and right shoulder rheumatoid arthritis. (AR 169). The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from plaintiff (who was represented by counsel), a medical expert and a vocational expert on July 15, 2010. (AR 41-57).

On September 20, 2010, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 21-30). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: degenerative disc disease of the spine, chronic, recurrent neck pain syndrome, and upper extremity radiculopathy (AR 23); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 24-25); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. § 404.1567(b)) with certain additional limitations[1] (AR 25); (4) plaintiff could not perform his past relevant work (AR 28-29); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically "cashier" and "assembler of plastic parts" (AR 29); and

---

[1] The ALJ determined that plaintiff: (1) could perform light work; (2) could lift and/or carry and push and pull 20 pounds occasionally and 10 pounds frequently; (3) could stand and walk six hours out of an eight hour workday; (4) could sit for six hours out of an eight hour workday; (5) could occasionally reach overhead, climb, balance, stoop, kneel, and crouch; (6) could never crawl or climb ladders; and (7) needed to avoid extreme cold, vibrating tools, unprotected heights, and hazardous equipment. (AR 25).

(6) plaintiff's allegations regarding his limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 26).

The Appeals Council denied plaintiff's application for review. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

///

1  (4) Does the claimant possess the residual functional capacity to
2      perform claimant's past relevant work?  If so, the claimant is
3      not disabled.  If not, proceed to step five.
4  (5) Does the claimant's residual functional capacity, when
5      considered with the claimant's age, education, and work
6      experience, allow the claimant to adjust to other work that
7      exists in significant numbers in the national economy?  If so,
8      the claimant is not disabled.  If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

**B.   Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and

evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV.  DISCUSSION

Plaintiff asserts that the ALJ erred at step five in finding that plaintiff could perform the representative jobs of "cashier" and "assembler of plastic parts" based on testimony from the vocational expert which, without explanation, deviated from the Dictionary of Occupational Titles ("DOT").  (Plaintiff's Motion at 4-11).  The Court agrees.  As the Court cannot find that the ALJ's error was harmless, a remand is warranted.

### A.  Pertinent Law

If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show, at step five, that the claimant can perform some other work that exists in "significant numbers" in the national economy (whether in the region where such individual lives or in several regions of the country), taking into account the claimant's residual functional capacity, age, education, and work experience.  Tackett, 180 F.3d at 1100 (citing 20 C.F.R. § 404.1560(b)(3)); 42 U.S.C. § 423(d)(2)(A).  The Commissioner may satisfy this burden, depending upon the circumstances, by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids").  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Tackett).  Where, as here, a claimant suffers from both exertional and nonexertional limitations, the Grids do not mandate a finding of disability based solely on the claimant's exertional limitations, and the claimant's non-exertional limitations are at a sufficient level of severity such that the Grids are inapplicable to the particular case, the

Commissioner must consult a vocational expert.[2] Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007); see Lounsburry v. Barnhart, 468 F.3d 1111, 1116 (9th Cir.), as amended (2006); Cooper v. Sullivan, 880 F.2d 1152, 1155 (9th Cir. 1989).

The vocational expert's testimony may constitute substantial evidence of a claimant's ability to perform work which exists in significant numbers in the national economy when the ALJ poses a hypothetical question that accurately describes all of the limitations and restrictions of the claimant that are supported by the record. See Tackett, 180 F.3d at 1101; see also Robbins, 466 F.3d at 886 (finding material error where the ALJ posed an incomplete hypothetical question to the vocational expert which ignored improperly-disregarded testimony suggesting greater limitations); Lewis v. Apfel, 236 F.3d 503, 517 (9th Cir. 2001) ("If the record does not support the assumptions in the hypothetical, the vocational expert's opinion has no evidentiary value.").

ALJs routinely rely on the DOT "in determining the skill level of a claimant's past work, and in evaluating whether the claimant is able to perform other work in the national economy." Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted); see also 20 C.F.R. § 404.1566(d)(1) (DOT is source of reliable job information). The DOT is the presumptive authority on job classifications. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995). An ALJ may not rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT, and if so, the reasons therefor. Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (citing Social Security Ruling 00-4p). In order for an ALJ to accept vocational expert testimony that contradicts the DOT, the record must

---

[2]The severity of limitations at step five that would require use of a vocational expert must be greater than the severity of impairments determined at step two. Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007).

contain "persuasive evidence to support the deviation." Pinto v. Massanari, 249 F.3d 840, 846 (9th Cir. 2001) (quoting Johnson, 60 F.3d at 1435). Evidence sufficient to permit such a deviation may be either specific findings of fact regarding the claimant's residual functionality, or inferences drawn from the context of the expert's testimony. Light v. Social Security Administration, 119 F.3d 789, 793 (9th Cir.), as amended (1997) (citations omitted).

### B.  Pertinent Facts

At the hearing before the ALJ, the medical expert testified at length about plaintiff's medical treatment, related objective medical testing, and persistent complaints of chronic neck upper extremity pain (which, the medical expert pointed out, did not improve with "extensive treatments . . . over a period of time"). (AR 49-52). The medical expert also opined that, among other limitations, plaintiff's "reaching in all directions, including overhead, [was] limited to occasional overhead reaching." (AR 53) (emphasis added).

Thereafter, the ALJ sought testimony from a vocational expert to determine whether there were jobs in the national economy that plaintiff could perform. (AR 54-56). The hypothetical question the ALJ posed to the vocational expert consisted of a single sentence, specifically "[w]ould there be other work with what the doctor just said?" (AR 54).

### C.  Analysis

The Court cannot conclude on the current record that the ALJ's findings at step five of the sequential evaluation process are supported by substantial evidence.

First, since the ALJ's hypothetical question essentially did no more than incorporate by reference the medical expert's entire hearing testimony, the Court cannot with sufficient precision determine which limitations found by the medical expert formed the basis of the vocational expert's opinion that there were jobs in the national economy that plaintiff could perform. Specifically, the Court cannot

determine how the vocational expert interpreted/accounted for the medical expert's ambiguous limitation on plaintiff's ability to reach (*i.e.*, was plaintiff limited to occasional reaching "in all directions" or just occasional "overhead" reaching). The ALJ's use of such a short-hand hypothetical question was erroneous in this case, particularly since some of the testimony to which the ALJ referred was itself ambiguous. See, e.g., Lane v. Astrue, 2012 WL 94567, *5 (C.D. Cal. Jan. 11, 2012) (remand warranted where medical expert's testimony was "unclear" and ALJ's findings and hypothetical question based thereon "[were] also ambiguous and/or conclusory"); see also Tackett, 180 F.3d at 1101 (ALJ's hypothetical question "[must] 'set out all of the claimant's impairments' for the vocational expert's consideration") (citation omitted).

      Second, the Court cannot conclude on the current record that the requirements of the jobs of cashier II and assembler for plastic hospital parts are consistent with plaintiff's residual functional capacity. For example, as noted above the medical expert testified that plaintiff was limited to only occasional reaching either "in all directions" or "overhead." (AR 53). The vocational expert testified that, in spite of such limitation, plaintiff (or a hypothetical person with plaintiff's characteristics) could perform the jobs of cashier II and assembler for plastic hospital parts. (AR 54-55). According to the DOT, however, such jobs require "frequent[]" reaching. (DOT §§ 211.462-010 [cashier II], 712.687-010 [assembler for plastic hospital parts ]). Therefore, it appears that even an individual who is only limited to occasional "overhead" reaching (as opposed to all bilateral reaching) would be precluded from such jobs. See, e.g., Lane, 2012 WL 94567, *3 (jobs of cashier II and office helper which require "frequent reaching" appeared to exceed plaintiff's abilities which precluded all "overhead reaching bilaterally").

      Third, since the vocational expert did not acknowledge that there was a conflict between her testimony and the DOT, and the ALJ never asked if there was

such a conflict, neither the vocational expert nor the ALJ attempted to explain or justify the foregoing deviation in any manner. (AR 14-15, 43-46). The ALJ's conclusory assertion that "[p]ursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained in the [DOT]" (AR 29) is insufficient. See Massachi, 486 F.3d at 1152-53.

Fourth, since the Court cannot conclude that the ALJ posed a hypothetical question to the vocational expert which accounted for all of plaintiff's limitations, and the ALJ's decision does not explain the apparent inconsistency between plaintiff's reaching limitations and the requirements of the jobs of cashier II and assembler for plastic hospital parts, the vocational expert's testimony, which the ALJ adopted, could not serve as substantial evidence supporting the ALJ's determination at step five that there were jobs in the national economy that plaintiff could perform. Pinto, 249 F.3d at 846; Tackett, 180 F.3d at 1101.

Finally, the Court cannot find such errors harmless as defendant points to no other persuasive evidence in the record which could support the ALJ's determination at step five that plaintiff was not disabled. See, e.g., Pinto, 249 F.3d at 846 (remand warranted where ALJ found claimant not disabled at step four based "largely" on vocational expert's testimony that conflicted with DOT, neither ALJ nor vocational expert addressed the deviation, and ALJ otherwise "made very few findings"); cf. Tommasetti v. Astrue, 533 F.3d 1035, 1042 (9th Cir. 2008) (ALJ erred in finding that claimant could return to past relevant work based on vocational expert's testimony that deviated from DOT because ALJ "did not identify what aspect of the [vocational expert's] experience warranted deviation from the DOT, and did not point to any evidence in the record other than the [vocational expert's] sparse testimony" to support the deviation, but error was harmless in light of ALJ's alternative finding at step five, which was supported by substantial evidence, that claimant could still perform other work in the national and local economies that existed in significant numbers ).

## V. CONCLUSION[3]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[4]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 21, 2012

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[3]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate. On remand, however, the ALJ may the wish to reconsider whether the decision adequately accounted for the lay witness statement plaintiff supplied for the record.

[4]When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).